### P. J. KNIPP ET AL. v. UNITED BENEVOLENT ASSOCIATION.

Decided February 23, 1907.

**1.—Benefit Certificate—Insanity—Proof.**

Where by the terms of a certificate of membership in a fraternal benefit society one of the contingencies upon which the benefit is payable is the insanity of the insured, the condition of insanity to be adjudged by the courts, such adjudication is a necessary condition precedent to the right of recovery.

**2.—Same—Insanity—Degree.**

By the expression in a benefit certificate "insanity adjudged by the courts" is meant such unsoundness of mind as would authorize an adjudication of the insured's mental status by the Probate Court, either for the purpose of appointing a guardian of his person or estate or for his confinement.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Booth & Knight,* for appellants.

*Wm. Pierson* and *McGown & Wade,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellants P. J. Knipp and wife instituted this suit against the appellee, a fraternal benefit society, in the District Court of Tarrant County to recover the sum of $1,000 on a benefit certificate issued by appellee to appellant P. J. Knipp, the ground of recovery being that said Knipp was insane within the meaning of

the policy sued on. The case was tried by the District Judge and a judgment entered for the defendant. The following findings of fact are concurred in by both parties to the appeal and we therefore adopt them as our own:

"The defendant is a mutual benevolent association, and for a number of years has been engaged in issuing benefit certificates to its members in the manner usually pursued by such associations. Defendant is duly incorporated.

"On October 20, 1897, defendant issued to Peter J. Knipp, its benefit certificate No. 2006, by the terms of which on the death of said P. J. Knipp it promised to pay to Roxie J. Knipp, his wife, $2,000. Said certificate also provided that in case the said P. J Knipp should become permanently and totally disabled according to its bylaws, then it would pay one-half the amount of the face of the certificate. The certificate also provided that the member should comply with all the laws, rules and regulations of the association that should be at any time thereafter enacted.

"The said P. J. Knipp is now living and is a member of said association in good standing.

"That Roxie J. Knipp, named as next friend in the petition, is the wife of P. J. Knipp.

"That articles 44 and 45 of the bylaws of the defendant, which are in force at this day, are as follows:

"Art. 44. Whenever any member in good standing shall become permanently and totally disabled from pursuing the ordinary vocations of life, within 90 days after proof thereof shall have been received and approved by the Executive Committee, he shall be entitled to receive one-half of his certificate. Said payment of one-half to be made regardless of his beneficiary in full satisfaction of said certificate, and such payment shall cancel the certificate, which shall be surrendered by the member for the purpose of cancellation.

"Art. 45. The term 'permanent total disability' as used in article 44 means, (1) the loss of both hands, or (2) the loss of both feet, or (3) the loss of one hand and one foot, or (4) the loss of the use of the eyes, or (5) disease resulting in paralysis so complete as to prevent the use of two limbs, or (6) insanity so adjudged by the courts, or (7) such other disease as shall totally and permanently disable the member from pursuing any of the vocations of life; provided, such disability has been at the date of proofs of not less than twelve months standing.

"I find that the condition of plaintiff is that of insanity, within the meaning of the sixth clause of the bylaws, above mentioned, but that he has at no time been so adjudged by the court, as required by said clause of the bylaws, in order to entitle him to the benefit of receiving one-half of the face of his policy. The testimony fails to disclose that he is in a condition to entitle him to such payment under any other provision of his contract or of defendant's bylaws. Plaintiff has been in this condition since the year 1899, during which year he had an attack of illness from which he partially recovered, but within six weeks thereafter he was stricken with paralysis, from which paralysis he recovered, and since that time he has been afflicted with insanity described by the physicians as dementia, which is permanent and progressive. He is physically able to

do a small amount of light labor, but because of his mental derangement he is unable to attend to any business or support himself and family or to pursue any of the ordinary vocations of life. He is apparently in fairly good physical condition. Plaintiff is not violent, but is harmless. and it is not necessary that he be placed under any restraint. He is not entitled under the law to be admitted into the State institution for the insane.

"That no letters of guardianship either of the person or estate of said P. J. Knipp as a person *non compos mentis* have ever been issued.

"That in the year 1904 proof by affidavits and certificates of physicians of the mental and physical condition of said P. J. Knipp were presented to the Executive Committee of the defendant, and the settlement of said certificate was demanded under article 44 of the defendant's bylaws. That said committee refused to settle said certificate unless and until the said P. J. Knipp was adjudged insane by the courts, but stated that they were ready and willing to settle the said claim at any time after said P. J. Knipp should be by the courts adjudged insane, and that the defendant is now ready at any time to settle said claim under article 44 of its laws, whenever the said P. J. Knipp has by the courts been adjudged insane, a guardian appointed and he otherwise complies with its bylaws."

We approve the trial court's conclusion of law to the effect that appellants are not entitled to a money judgment because the insured has not been adjudged insane by the courts, such adjudication being a condition precedent to the right to sue and recover. We have no trouble in assenting to the contention of appellants that the District Court under the provisions of our Constitution would have jurisdiction to determine the question of the insanity of appellant P. J. Knipp, but in our judgment the disposition of the case does not depend upon an answer to this proposition, but rather upon the proper construction of clause 6 in article 45 of appellee's bylaws, upon which its liability is predicated by appellants. By the terms of the insurance contract the parties have indicated their assent to the proposition that when the insured has been adjudged by the courts to be insane, then the insurer is liable in the amount specified. They evidently meant that the qualifying expression "so adjudged by the courts" should have some meaning, and the most natural would be that it is only that degree of insanity which would authorize an adjudication of the insured's mental status by the courts of the state specifically authorized by the Constitution to inquire into such matters, that would constitute the basis of liability. If it had been contemplated that the question of the insured's sanity could be determined in a suit upon the policy, then the inclusion of the words "so adjudged by the courts" was idle and meaningless. It is not at all strange that an insurance order would insist upon such a condition precedent, when it is remembered that there are different degrees of insanity, ranging from the slightest mental disturbance to the most violent stages of madness, and that the insurer should desire some definite degree of insanity to be established before it would become liable upon its contract. This degree of insanity within the meaning of the present contract, when construed in the light of our laws, is such unsoundness of mind as would authorize an adjudication of the insured's mental status by the

Probate Court, either for the purpose of appointing a guardian of the person or estate, or of his confinement. Such an adjudication is binding upon the whole world and establishes the civil status of the person proceeded against, whereas, were the question determined in a proceeding like this, the judgment would have no such effect. This fact, too, in connection with the further possible rights of the beneficiary in the certificate may also have entered into the consideration of the parties in stipulating, as they have done, that insanity to be a ground of recovery must be adjudged to be such by the courts. Whatever the considerations which moved the parties to the contract, we have concluded that the above interpretation is the proper one, and that appellants are in no position to insist upon a recovery.

The judgment of the District Court abating the suit is therefore affirmed.

*Affirmed.*

Application for writ of error dismissed for want of jurisdiction.